(No. 1168—Claimant awarded $2,500.00.)

HARRY MILLER, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1927.*

NON-LIABILITY OF STATE—*posse comitatus. State not liable for injuries to member of.* This case is controlled by the decision of the court in the case of *Katanich* v. *State, supra.*

ROBERT E. LARKIN, for claimant.

OSCAR E. CARLSTROM, Attorney General; ROY D. JOHNSON, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE CLARITY delivered the opinion of the court:

The claimant, a police officer in and for the city of Streator,

Illinois, on the 5th day of May, A. D. 1926, was called and notified to assist in capturing certain convicts who escaped from the Illinois State Penitentiary at Joliet, Illinois. Miller responded to the request and encountered the convicts that night on the railroad tracks in said village. A gun battle commenced and a bullet hit the face of claimant about the end of the upper jaw between the nose and ear traveling upward and backward and lodged in front of the spine behind the mouth and between the first and second vertebrae, the bullet is still lodged there, and it is not possible to remove the bullet without grave danger to claimant's life and health. The bullet shot away the upper left second and third molars, took away a portion of the upper anterior of the first and second vertebrae. As a result of the bullet wound Mr. Miller has difficulty in speaking and in closing his jaws, and has some impediment of speech, pains through the neck region and intermittent headaches. Physicians testified that the injuries were permanent and may get worse, and it appears further from the evidence that claimant has continuous headaches and is obliged to quit work frequently.

The Attorney General comes and admits the facts to be fairly stated by claimant.

It must be admitted that there is no legal liability on the part of the State, however, it must be recognized that where an officer was commanded by superiors to enter upon the pursuit of escaped convicts, that it was a hazardous undertaking and consequently as a matter of equity and good conscience the State should respond as far as practical to help a person like this claimant who bravely and efficiently performed his duty in face of grave danger.

While as a matter of fact the court is impressed by the rules of equity and good conscience, yet it cannot be unmindful of the rules of the Workmen's Compensation Act and taking all the evidence and facts under consideration, the court recommends that the claimant be allowed the sum of $2,500.00.